UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Law Offices of Scott E. Combs, Robert
Miller, Carl Novick, Tamara Curton,
Heather Janson, Gayle Howard, Matt
Strickfaden, and Yvonne Murray,

Case No. 10-14209

Honorable Nancy G. Edmunds

        Plaintiffs,

v.

United States of America,

        Defendant.

_____/

**OPINION AND ORDER DISMISSING WITH PREJUDICE PLAINTIFF LAW OFFICES OF SCOTT E. COMBS'S CLAIMS UNDER 26 U.S.C. § 7426; DISMISSING WITHOUT PREJUDICE PLAINTIFF LAW OFFICE'S AND PLAINTIFF CLIENTS' CLAIMS BASED UPON 26 U.S.C. §§ 7432 and 7433; DISMISSING WITH PREJUDICE PLAINTIFF LAW OFFICE'S AND PLAINTIFF CLIENTS' CLAIMS UNDER 26 U.S.C. § 6325; DISMISSING WITH PREJUDICE PLAINTIFF LAW OFFICE'S AND CLIENT PLAINTIFFS' CLAIMS BASED UPON 26 U.S.C. § 6343; AND DENYING WITHOUT PREJUDICE PLAINTIFF LAW OFFICE'S PLAINTIFF CLIENTS' MOTION FOR SUMMARY JUDGMENT.**

This matter is before the Court on Defendant's motion to dismiss and Plaintiffs' motion for summary judgment. Although the Court does dismiss the majority of Plaintiffs' claim, it does so for reasons partially different than requested by Defendant. And because Plaintiffs' motion for summary judgment is premature, the Court denies their motion.

**I.     Facts**

    **A. Plaintiffs**

Plaintiff Law Offices of Scott E. Combs ("Plaintiff Law Office") is a law firm operating in Novi, Michigan.  (Compl. ¶ 1.)  Scott E. Combs ("Mr. Combs") is the president and sole attorney of the firm.  The other plaintiffs are individuals residing in Michigan who are Plaintiff Law Office's clients ("Plaintiff Clients").  These clients have given money as a retainer for Plaintiff Law Office's legal services or are expected to receive money through their cases' resolutions.  (Compl. ¶¶ 2, 7.)  Plaintiff Law Office holds these funds in an Interest on Lawyer Trust Account (the "IOLTA") at TCF Bank ("TCF").  (Compl. ¶ 5.)

### B. Background

On August 12, 2010, TCF received notice of levy on the IOLTA account from Defendant United States of America, through the United States Department of Treasury, Internal Revenue Service (the "IRS"), requesting TCF to deliver the IOLTA funds to the IRS.  (Compl. ¶ 6.)  The IRS filed this levy because it believes that Mr. Combs and his wife were using the IOLTA account as a personal account and therefore the funds are subject to Mr. Combs and his wife's personal tax liability.  Mr. Combs acknowledges that he and his wife owe the IRS back taxes for 2004 and 2005.  (Compl. ¶ 8.)  But Plaintiff Law Office states that the IOLTA funds are funds belonging solely to the Plaintiff Clients and that the IRS has improperly levied the IOLTA funds because the tax amounts owed are a personal liability and not Plaintiff Law Office or Plaintiff Clients' liabilities.  (Compl. ¶¶ 8, 9.)

A day after receiving the notice of levy, TCF sent a letter to Plaintiff Law Office, informing it that TCF had received a levy notice and that TCF would be freezing the funds and not allowing any withdrawals from the funds.  (*TCF Nat'l Bank v. Law Offices*

*of Scott E. Combs, P.C., and The United States Dep't of Treasury–Internal Revenue Serv.*, ("*Combs I*"), No. 10-13243, Dkt. No. 1, Ex. 2.)  In its letter, TCF also stated that it would turn over the funds to the IRS twenty-one days from the date of the levy.  (*Id.*)  Plaintiff Law Office received and responded to TCF's letter on the same day.  (*Combs I*, Dkt. 1, Ex. 3.)  Plaintiff Law Office stated that the IRS was not allowed to levy against the IOLTA since the account was solely for client, and not personal, funds.  (*Id.*)

On August 16, 2010, TCF filed an interpleader action in this Court.  (*Combs I*, Dkt. 1.)  TCF sued both Plaintiff Law Office and the IRS and asked the Court to determine the ownership of the funds and to safeguard the funds until the Court made such a decision.  (*Id.*)

On September 29, 2010, the Court met with the *Combs I* parties and the parties agreed to dismiss that action.  On October 5, 2010, the Court issued that order (the "Order").  (*Combs I*, Dkt. 24.)  The Order dismissed with prejudice all of TCF's claims.  (*Id.*)   The Order further stated:

> Should [Plaintiff Law Office], or any other affected parties wish to challenge the propriety of the . . . IRS levy, those parties may bring an action for wrongful levy before this Court within the period of limitations prescribed in 26 U.S.C. § 6532(c).  Any such action shall be deemed a related case to this action and shall be assigned to the Hon. Nancy [G.] Edmunds.

(*Id.*)

On October 20, 2010, Plaintiff Law Office and Plaintiff Clients (collectively, "Plaintiffs") filed this action against the IRS.  (Dkt. 1.)  Plaintiffs request relief pursuant to various sections of the Internal Revenue Code, including sections 6343(b), 7426, 7432, 7433, and 6325.  (Dkt. 11.)  Plaintiffs also allege that an IRS agent

3

has failed to credit properly the unpaid balance, failed to apply the amount levied to the unpaid balance, and continued collection activities, including additional levies, subsequent to an Offer and Compromise filed and served with the IRS on 10-14-10.

(Compl. ¶ 12.)

Two days after the complaint, Plaintiffs filed their motion for summary judgment, to which the IRS responded on November 15, 2010.  (Dkt. 5, 9.)  On November 16, 2010, the IRS filed its motion to dismiss. (Dkt. 10.)

## II.   Motion to dismiss standards of review

The IRS seeks dismissal of Plaintiff Law Office pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction due to Plaintiff Law Office's inability to satisfy the prerequisites for filing suit under 26 U.S.C. § 7426.[1]  The IRS has also sought dismissal of the claims under §§ 7432 and 7433 pursuant to Rule 12(b)(1) due to Plaintiffs' failure to satisfy the prerequisites for filing suit under those statutes. The IRS alternatively argues that dismissal of these claims pursuant to Rule 12(b)(6) is appropriate.  And finally the IRS seeks dismissal of Plaintiffs' § 6325 claim for failure to state a claim because it believes that that section does not provide a cause of action for damages.

### A.     Rule 12(b)(1) motion to dismiss standard

A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction.  *Golden v. Gorno*

---

[1]The Court will denote all further references to Internal Revenue Code sections merely with a section symbol followed by the appropriate section number.  The Court will denote all further references to the Federal Rules of Civil Procedure with "Rule" followed by the appropriate rule.

*Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).  When a defendant challenges subject

matter jurisdiction on a factual basis, the plaintiff has the burden of proving jurisdiction in

order to survive the motion.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d

266, 269 (6th Cir. 1990).  Put differently, a motion to dismiss pursuant to Rule 12(b)(1)

attacks a plaintiff's right to be in a particular court.  *Hamdi ex rel. Hamdi v. Napolitano*,

620 F.3d 615, 619, n.3 (6th Cir. 2010) (citation omitted).  "In reviewing a 12(b)(1)

motion, the Court may consider evidence outside the pleadings to resolve factual

disputes concerning jurisdiction, and both parties are free to supplement the record by

affidavits."  *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citation

omitted).

### B.  Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint.

In a light most favorable to the plaintiff, a court must assume that the plaintiff's factual

allegations are true and determine whether the complaint states a valid claim for relief.

*See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200,

203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's

"[f]actual allegations must be enough to raise a right to relief above the speculative level

on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).

*See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548

(6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of

5

a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v.*

*Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  A court is "not bound to accept as

true a legal conclusion couched as a factual allegation."  *Id.* at 1950 (internal quotation

marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim

for relief survives a motion to dismiss."  *Id.*  "Determining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.  But where the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.*

(internal quotation marks and citation omitted).  Thus, "a court considering a motion to

dismiss can choose to begin by identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth.  While legal conclusions

can provide the framework of a complaint, they must be supported by factual

allegations.  When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to

relief."  *Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face."

*Id.* at 1949 (internal quotation marks and citation omitted).

### C. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A moving party may meet that burden "by

'showing' – that is, pointing out to the district court -- that there is an absence of

evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett,* 477 U.S.

317, 325 (1986).  Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The revised Rule also provides the consequences of failing to

properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may

consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do

more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Ultimately a district court must determine whether the record as a whole presents a

7

genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

## II.   Analysis

The IRS has brought its motion to dismiss alleging that the Court must dismiss (1) Plaintiff Law Office's claim under § 7426 because it lacks standing under that section, (2) Plaintiff Law Office's and Client Plaintiffs' claims under §§ 7433 and 7432 because those statutes require a plaintiff to exhaust administrative remedies and Plaintiffs have failed to do so, and (3) Plaintiff Law Office's and Client Plaintiffs' claims under § 6325 because that section does not provide a cause of action for damages.

### A. Plaintiff Law Office lacks standing to sue the United States under § 7426

The IRS argues that Plaintiff Law Office lacks standing to bring a claim under § 7426.  The IRS is correct because Plaintiff Law Office is not entitled to bring a claim under that section.

To have standing, a plaintiff "must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be 'fairly traceable' to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury."  *Coal Operators and Assoc., Inc.*, 291 F.3d 912, 916 (6th Cir. 2002).

Here, Plaintiff Law Office does not have the ability to sue under § 7426 because that section does not give it that right–it therefore does not have a "substantial likelihood that the relief requested will redress or prevent [Plaintiff Law Office's] injury."

Plaintiff Law Office lacks the ability to sue under § 7426 because that section provides for a limited waiver of the United States's sovereign immunity that does not apply to Plaintiff Law Office.  Without a waiver of sovereign immunity, Plaintiff Law Office cannot sustain an action under this section.

"Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver.  The terms of consent may not be inferred, but must be unequivocally expressed."  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal quotation marks and citations omitted).  *See also McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996) (holding that "[t]he United States, as a sovereign, cannot be sued for damages without its prior consent, and the terms of its consent define the court's subject matter jurisdiction.").  Without a waiver, a federal court lacks the authority to hear a case because it lack subject matter jurisdiction. *Lockett v. Marsh USA, Inc.*, 354 F. App'x 984, 987 (6th Cir. 2009) (citations omitted).

### 1.  The United States waives its sovereign immunity in §  7426

The United States unequivocally expresses a waiver in § 7426, allowing a third party to sue it when the IRS interferes with the third party's property rights.  *Id.*  26 U.S.C. § 7426(a)(1), in relevant part, provides:

9

> If a levy has been made on property . . . any person . . . who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

That section does not require a third party to file a claim for a refund before suing the United States.  26 U.S.C. § 7426(f).  For a plaintiff therefore to state a cause of action under this section, and for the United States to waive its sovereign immunity, the plaintiff's claim must fall within the terms of the waiver.  Under this statute, a plaintiff must establish three "prerequisites" for the United States to waive its immunity from suit. *McGinness,* 90 F.3d at 145   The plaintiff must first not be the one against whom the IRS has assessed the tax.  *Id.*  Then the plaintiff "must claim a legally cognizable interest in the property."  And finally, the IRS must have improperly levied the property. *Id.*

### a. Plaintiff Law Office cannot satisfy the prerequisite to sue because it does not have a legally cognizable interest in the levied funds

The United States has not waived its sovereign immunity as to Plaintiff Law Office under § 7426 because Plaintiff Law Office has not proven that it has an interest in or lien on the levied funds.  The Court therefore lacks jurisdiction over Plaintiff Law Office's § 7426 claim; put another way, Plaintiff Law Office lacks standing to sue under this claim.

To have a claim under this section, "one must have an interest, such as a fee simple or equivalent interest, a possessory interest, or a security interest, in the property levied upon, or lien on the property at issue[.]"  *McGinness*, 90 F.3d at 146.  A court

10

must look to state law to determine "whether and to what extent an individual has an interest in property." *North American Royalties, Inc. v. United States*, No. 96-285, 1996 WL 679561, at *3 (E.D. Tenn. Sept. 20, 1996) (citing *Aquilino v. United States*, 363 U.S. 509, 512-13) (1960)).

Here, Plaintiff Law Office has stated that it does not own any of the IOLTA funds. (Compl. ¶ 10.)  Specifically, the complaint states "[t]he funds in the IOLTA trust account were funds received through recent resolution of cases not yet distributed to the client(s) or retainer fees from the client in amounts not yet earned by the law office." (Compl. ¶ 7.)

Plaintiff Law Office argues that it does have an interest in the account–that it has "legal and ethical duties as to [the IOLTA] account" and that it "does have interest in the property . . . as the [IOLTA account] is legally and ethically an interest [that] [Plaintiff Law Office] is bound to have, use in trust for the clients['] funds, monitor, report on and establish."  (Pls.' Resp. to Def.'s Mot. to Dismiss at 3.)  But Plaintiff Law Office has not supported his argument with any Michigan law that substantiates a possessory interest in the funds themselves.  Although, as the IRS argues, the Michigan Rules of Professional Conduct impose a duty on a lawyer and law office to safeguard a client's property, this duty is not a possessory interest, as required by the statute.  Mich. Rules of Prof'l Conduct 1.15(b).[2]

---

[2]The Sixth Circuit explained the types of possessory interest necessary to fall under the second prerequisite of a § 7426 claim.  *McGinness*, 90 F.3d at 146.  One of these possessory interests is a lien on the property.  *Id.*  Here, because Plaintiff Law Office has disclaimed any ownership in the funds, it cannot claim any type of lien on the property in the account.  *See George v. Sandor M. Gelman P.C.*, 506 N.W.2d 583, 584-85 (Mich. Ct.

11

Because Plaintiff Law Office has not satisfied the prerequisites for the United States to waive its sovereign immunity under this section, Plaintiff Law Office therefore lacks standing under this claim and the Court must dismiss Plaintiff Law Office's claim against the United States based upon § 7426.

**B.    The Court will dismiss Plaintiff Law Office's and Client Plaintiffs' claims based upon §§ 7432 and 7433**

The IRS argues that it is entitled to either dismissal pursuant to Rules 12(b)(1) or 12(b)(6) on Plaintiff Law Office's and Client Plaintiffs' claims under §§ 7432 and 7433 because they have failed to exhaust their administrative remedies as required by those statutes.  The IRS is not entitled to dismissal pursuant to either of those rules.  But since both parties have presented materials outside of the pleadings and the Court is confident these materials alone address the arguments under these claims, the Court will treat the IRS's request under these claims as a motion for summary judgment.  After a review of the materials, the Court finds that there is no genuine issue of material fact concerning Plaintiff Law Office's and Client Plaintiffs' claims under §§ 7432 and 7433 and the Court will dismiss these claims without prejudice.

**1.    The statutes provide for a cause of action but also place limits on the ability to succeed on the cause of action**

Section 7432 gives a claimant a right to sue the United States if the IRS fails to release a tax lien under § 6325.  26 U.S.C. § 7432(a).  Section 7433 gives a claimant the right to sue the United States if the IRS "recklessly or intentionally, or by reason of negligence

_____

App. 1993) (discussing how an attorney has two types of common law liens on a client's property when the client fails to pay for services rendered).

12

disregards any provision of this title, or any regulation promulgated under th[e Internal Revenue Code.]"  26 U.S.C. § 7433(a).   Although these sections do give a claimant a right to sue the United States and are express waivers of the United States's sovereign immunity, both sections require a claimant to exhaust his administrative remedies before succeeding on his claim in federal court.  26 U.S.C. § 7432(d)(1); 26 U.S.C. § 7433(d)(1).  26 C.F.R. § 301.7432-1 sets forth the procedural requirements that someone bringing a suit under § 7432 must go through to exhaust his administrative remedies.  This section does not allow a successful claim in federal district court until the IRS renders a decision on a claim or thirty days after the individual has filed a claim in accordance with the regulations.  26 C.F.R. § 301.7432-1(e).  This section also lists the formal requirements for filing an administrative claim.  26 C.F.R. § 301.7432-1(f).[3]  26 C.F.R. § 301.7433-1 similarly sets forth the procedural requirements that someone bringing a suit under § 7433 must go through to exhaust his administrative remedies. *See Carter v. United States*, 389 F. App'x, 809, 812, n 2 (10th Cir. 2010).  These requirements include waiting until the IRS has made a decision on a claim or waiting six months until after an individual has filed a claim before succeeding on a claim in federal district court.  26 C.F.R. § 301.7433(d).  Section 301.7433(e) lists the formal requirements of filing an administrative claim.[4]

---

[3]A few of these formal requirements are: a listing of the name, current address, current home and work telephone numbers . . .; a copy of the notice of federal tax lien affecting the taxpayer's property, if available; a copy of the request of lien made in accordance with 26 C.F.R. § 401.6324-1(f); a statement of the grounds for the claim; and a description of the injuries incurred by the taxpayer filing the claim.  26 C.F.R. § 301.7432-1(f).

[4]This section's formal requirements are similar to those required in 26 C.F.R. § 301.7432-1.  *See supra,* n.2.; 26 C.F.R. § 301.7433-1(e).

## 2. The Court cannot dismiss Plaintiffs' claims under these statutes for lack of jurisdiction

The IRS argues that because Plaintiff Law Office and Client Plaintiffs have not exhausted their remedies as required by the statutes, the Court does not have jurisdiction over these claims. The IRS is incorrect in light of Supreme Court and Sixth Circuit precedent. And the Court will pause for a moment to explain briefly why a Rule 12(b)(1) motion to dismiss for failure to exhaust administrative remedies is not appropriate for this proceeding.

This case addresses, as the Supreme Court has stated, "the distinction between two sometimes confused or conflated concepts: federal-court "subject-matter" jurisdiction over a controversy; and the essential ingredients of a federal claim for relief." *Arbaugh v. Y&H Corp*. 546 U.S. 500, 503 (2006). In *Arbaugh*, the Supreme Court was called upon to resolve whether a requirement in a statute was "jurisdictional or simply an element of a plaintiff's claim for relief." *Id*. at 509. To resolve that question, the Supreme Court stated that courts must look to the statute's language to determine whether Congress intended "a threshold limitation on a statute's scope [to be] jurisdictional." *Id*. at 515. If Congress does not make the statute's limitation clear, then courts are to treat the limitation as "nonjurisdictional in character." *Id*. at 516.

At first blush, both §§ 7432 and 7433 state that the exhaustion of remedies is a prerequisite to filing a claim in a district court, possibly leading to the conclusion these limitations are jurisdictional. But that conclusion would be incorrect because the Supreme Court and the Sixth Circuit have explicitly stated that an exhaustion

14

requirement is nonjurisdicitonal.  In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme

Court held that "failure to exhaust [under the Prison Litigation Reform Act] is an

affirmative defense . . .that [plaintiffs] are not required to specially plead or demonstrate .

. . in their complaints."  *Jones*, 549 U.S. at 216.  The Sixth Circuit has also held, in light

of *Arbaugh*, that "[it] can no longer conclude that exhaustion [in an EEOC claim] is a

jurisdictional prerequisite [to filing suit in a district court]."  *Spengler v. Worthington

Cylinders*, 615 F.3d 481, 489 (6th Cir. 2010).

 Although the Sixth Circuit has not explicitly addressed the exhaustion requirements in

§§ 7432 and 7433, the Court finds that the appropriate view is to hold that the

requirements are nonjurisdictional.   Other circuits that have addressed these statutes

have held similarly and the Court has not been persuaded that this approach is not

proper.   *See Carter*, 389 F. App'x at 812, n 1, 813 (discussing and surveying case law,

but not affirmatively holding, that the exhaustion requirements in §§ 7432 and 7433 are

nonjurisdictional).

 In light of this determination, the Court must deny the IRS's 12(b)(1) motion to dismiss

for lack of jurisdiction on the claims under these two statutes.

### 3.  The Court will convert the IRS's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment on the §§ 7432 and 7433 claims

 The IRS has alternatively requested that the Court dismiss these claims for failure to

state a claim in accordance with Rule 12(b)(6).  Despite this request, which requires the

Court to test the sufficiency of the complaint and not look at matters outside of the

pleadings, both the IRS and Plaintiffs have presented exhibits and affidavits outside of

15

the pleadings.  Here, both parties have been given a reasonable opportunity to present materials.  These materials are all that the Court needs to address the claims under these statutes.  The Court therefore will treat the motion to dismiss as a motion for summary judgment under Rule 56 pursuant to Rule 12(d).  *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104-1105 (6th  Cir. 2010) (holding that a district court did not abuse its discretion when it considered matters outside of the pleadings and converted a Rule 12(b)(6) motion into a Rule 56 motion).

 Here, reviewing the letters Mr. Combs sent to the IRS on Plaintiff Law Office's and Client Plaintiffs's behalf and the IRS's affidavit, there is no fact issue that Plaintiffs have not satisfied the statutory prerequisites in §§ 7433 and 7432  to succeed on a claim in federal court.

 The burden for "compliance with the statutory regulatory requirements is high;" here, Plaintiff Law Office and Client Plaintiffs have not satisfied that burden.  *See Shearin v. United States*, No. 07-2269, 2008 WL 2050836, at *2 (E.D. Tenn. Mar. 6, 2008) (discussing and surveying cases that found that "failure to petition IRS correctly constituted failure to exhaust administrative remedies" and "failure to comply strictly with guidelines for filing administrative claim constitutes failure to exhaust administrative remedies.") (citations omitted); *see also Burge v. I.R.S.*, 39 F.3d 1191 (Table), 1994 WL 596586, at *2 (10th Cir. 1994) (stating that "[t]o bring an action under [§§ 7432 and 7433] the [claimant] must exhaust her administrative remedies . . . . This requires filing a request for a certificate of release pursuant to 26 U.S.C. [§ ]6325(a)") (citation omitted).

Plaintiff Law Office and Client Plaintiffs state that they have exhausted their administrative remedies in dealing with the IRS.  Plaintiffs support their argument with several letters by Mr. Combs to the IRS.  (Pls.' Resp. to Def.'s Mot. to Dismiss, Exs. C, D.)  Despite the letters requesting information, Plaintiffs have not shown how these letters satisfy the specific requirements imposed by the regulations.  The September 16, 2010 letter is correspondence between Mr. Combs and the IRS summarizing his position as to the seized funds. (Pls.' Resp. to Def.'s Mot. to Dismiss, Ex. D.) The October 19, 2010 letter again is correspondence between the parties summarizing the status of the seized funds and Mr. Combs requesting that the IRS confirm receipt of the funds and letter and a request to stop collection efforts.  (*Id.*)  These letters do not reference any administrative claim.  Even if the Court read the letters liberally, it still would not view these letters as an administrative claim directed toward the IRS.  Plaintiff Law Office and Client Plaintiffs therefore have failed to start, let alone exhaust, their administrative remedies as required by §§ 7432 and 7433.  *See* Def.'s Reply, Ex. A, Krolik Decl. (declaring that the IRS has not received any administrative claim for damages under §§ 7432 or 7433); *see also Chocallo v. United States*, 299 F. App'x 112, 116 (3d Cir. 2008) (affirming the district court's dismissal due to the plaintiff's failure to exhaust remedies under § 7433 and stating that § 7433 requires a claimant to set forth the grounds of the claim, a description of injuries, and the dollar amount of the claim and noting that two letters to an IRS revenue officer seeking payment of a tax refund and cancellation of tax levies did not satisfy the § 7433 requirements).

17

Because Plaintiff Law Office and Client Plaintiffs have not exhausted their administrative remedies, they cannot succeed on a claim in this Court under §§ 7432 and 7433.  The Court therefore grants the IRS's motion for summary judgment without prejudice.   In granting the motion, the Court exercises its discretion to grant the motion without prejudice so that Plaintiffs can bring a claim again when and if they exhaust their administrative remedies.  *See Ravencraft v. Unum Life Ins. Co.*, 212 F.3d 341, (6th Cir. 2000) (holding that, in an ERISA context, that a district court should have exercised its discretion to dismiss without prejudice and allow the plaintiff to pursue his administrative remedies).

**C.   26 U.S.C. § 6325 does not provide Plaintiff Law Office or Client Plaintiffs with a cause of action for damages**

Plaintiff Law Office and Client Plaintiffs finally request damages pursuant to § 6325 for the IRS's failure to release the lien on the funds.  The IRS argues that the Court should dismiss Plaintiffs' § 6325 claim since that section does not provide an independent cause of action for damages.  The IRS is correct–no cause of action for damages exists in that statute.  Plaintiffs therefore have not stated a claim under this section and cannot survive a Rule 12(b)(6) motion to dismiss.

**D.   The Court does not have subject matter jurisdiction over Plaintiff Law Office's or Client Plaintiffs' claims based upon § 6343(b) because that section does not provide Plaintiffs with a cause of action in federal court**

Neither Plaintiffs nor the IRS address Plaintiff Law Office or Client Plaintiffs' claims based upon § 6343.  (Compl. ¶ 10.)  That section "grants the IRS the authority to release a levy and return property under appropriate circumstances."  *Quinn v. United States*,

18

No. 03-192, 2003 WL 22133715, at *3 (W.D. Okla. July 10, 2003).  But that section does not provide for a private right of action in federal court; nor does it waive the Government's sovereign immunity.  *Id.* (citing *Bach v. Mason*, 190 F.R.D. 567 (D. Idaho), 572, *aff'd* 3 F. App'x 656, *cert. den.* 534 U.S. 1083).  That section provides a taxpayer an administrative remedy to receive wrongfully levied funds. Because that section does not provide a cause of action in federal court or a sovereign immunity wavier, the Court lacks subject matter jurisdiction and dismisses this claim in accordance with Rule 12(h)(3). *See Colvin v. Caruso*, 605 F.3d 282, 289-90 (6th Cir. 2010) (holding that courts have the ability to raise the question of sovereign immunity *sua sponte*) (citations omitted).

### E.   Plaintiffs' motion for summary judgment is premature

Plaintiff Law Office and Client Plaintiffs have submitted their own motion for summary judgment.  Plaintiffs argue that the IRS has wrongfully levied the funds because the funds are the Plaintiff Clients' and not Mr. and Mrs. Combs' personal funds.  (Pls.' Mot. for Summ. J. ¶ 2.)  Plaintiff Law Office and Client Plaintiffs further argue that a return of the funds will "result in a resolution of all claims in this matter."  (*Id.* at 1.)

The IRS has requested that the Court deny the motion for summary judgment because Mr. Combs has failed to cooperate in discovery.  (Def.'s Resp. to Pls.' Mot. for Summ. J.) Rule 56(d) provides that a court may defer considering or deny a motion when the party opposing the motion shows by affidavit or declaration that it does not have the facts essential to justify its position.[5]

---

[5]The IRS cites former Rule 56(f) in their reply. Rule 56 has been amended and the current Rule 56(d) captures the essence of the IRS's Rule 56(f) argument.

19

Without discovery, the IRS states that it is unable to respond to Plaintiff Law Office's and Client Plaintiffs' allegation that the IRS has wrongfully levied the funds.  As the Court understands the IRS's argument at this time, the IRS asserts that Mr. Combs used funds in the IOLTA account for personal costs.  The IRS argues then that this personal use of the funds subjects the funds to the IRS's levy for Mr. Comb's personal tax liability.  The IRS states that Plaintiffs' counsel, Mr. Combs, has not cooperated in discovery.  (Def.'s Resp. to Pls.' Mot. for Summ. J, Ex. A, DePorre Decl.)  Because Plaintiffs have not cooperated in discovery, the IRS argues that summary judgment is not appropriate at this time.  The Court agrees that discovery is necessary to flesh out the claim remaining in this action.

The Court therefore finds that Plaintiffs' motion for summary judgment is premature at this time and it will therefore deny Plaintiffs' motion.

## IV.    Conclusion

Based upon the foregoing reasons, the Court: DISMISSES WITH PREJUDICE Plaintiff Law Office's claim under § 7426; DISMISSES WITHOUT PREJUDICE Plaintiff Law Office's and Client Plaintiffs' claims based upon §§ 7432 and 7433; DISMISSES WITH PREJUDICE Plaintiff Law Office and Client Plaintiffs' claims based upon § 6325 for failure to state a claim on which the Court may grant relief; DISMISSES WITH PREJUDICE Plaintiff Law Office's and Client Plaintiffs' claims based upon § 6343 for lack of subject matter jurisdiction; and DENIES WITHOUT PREJUDICE Plaintiff Law Office's and Client Plaintiffs' motion for summary judgment.

20

As the Court understands the posture of the case, only Client Plaintiffs' cause of action based upon § 7426 remains in this action.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager